Felipe MOJICA ABASTILLAS; Dyma
Bactad Abastillas, Petitioners,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–72699.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2004.*

Decided May 14, 2004.

Steve J. Rodriguez, Esq., Korenberg, Abramowitz & Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michele Y.F. Sarko, Attorney, Margaret Perry, Esq., Audrey B. Hemesath, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondents.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Felipe Mojica Abastillas and his wife Dyma Bactad Abastillas, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we review the IJ's decision as the final agency determination, see Falcon Carriche v. Ashcroft, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence and will reverse the IJ only if the petitioner shows that the evidence compels such a result. Cruz–Navarro v. INS, 232 F.3d 1024, 1028 (9th Cir.2000). We deny the petition.

The IJ's decision was supported by substantial evidence because the harassment Mr. Abastillas allegedly received from the New People's Army ("NPA") was limited to a single unfulfilled threat, and does not compel a fact-finder to conclude that such treatment rose to the level of persecution. See Lim v. INS, 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution). In addition, Petitioners offered no compelling evidence that the NPA's attempt to extort a share of their harvest was based on any knowledge of their political opinions. See Tecun–Florian v. INS, 207 F.3d 1107, 1109 (9th Cir.2000).

Substantial evidence also supports the IJ's conclusion that Petitioners' fear of future persecution is not objectively well-founded because they did not carry their burden of adducing "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution" at the hands of the NPA. Arriaga–Barrientos v. U.S. INS, 937 F.2d 411, 413 (9th Cir.1991).

Because Petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

for withholding of removal. *See Cruz–Navarro,* 232 F.3d at 1031.

The BIA did not violate Petitioners' due process rights in summarily affirming the decision of the IJ. *See Falcon Carriche,* 350 F.3d at 849–52.

We grant Petitioners' motion for a stay of voluntary departure. Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Petitioners' earlier motion for a stay of removal included a timely request for stay of voluntary departure. Because the motion for a stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.